UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OA WIMBLEDON PLACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: _____ |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Philadelphia Indemnity Insurance Company ("Defendant" or "PIIC"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.   INTRODUCTION

1.   This is an insurance coverage and bad faith case. On or about August 31, 2017, Plaintiff OA Wimbledon Place ("Plaintiff") filed its Original Petition in Cause No. DC-17-11354 in the 298th Judicial District Court of Dallas County, Texas, initiating a civil cause of action against PIIC. *See* Exhibit C.

2.   Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and PIIC.

3.   Plaintiff alleges multiple causes of action against PIIC related to PIIC's handling of Plaintiff's insurance claim for alleged hail and/or wind damage to its buildings. Plaintiff specifically alleges breach of contract, violations of the Texas Deceptive Trade Practices Act,

violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

4.     PIIC received the Citation and Plaintiff's Original Petition by certified mail on or about September 14, 2017. *See* Exhibits C and D. PIIC filed its Original Answer on October 4, 2017. *See* Exhibit E.

5.     PIIC now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

## II.     GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Parties.

7.     According to Plaintiff's Original Petition, Plaintiff is an individual residing in Dallas County, Texas. Exhibit C, ¶ 2. However, Plaintiff is not an individual. Plaintiff is a non-profit corporation that was incorporated in Texas and, at the time this action commenced, maintained its principal place of business in Dallas County, Texas. Accordingly, Plaintiff is considered to be a citizen of Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

8.     PIIC was, at the time this action was commenced, and still is a citizen of Pennsylvania because it was incorporated in Pennsylvania and maintains its principal place of business in Bala Cynwyd, Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

### B.    The Amount in Controversy Exceeds $75,000.

9.    Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff's Original Petition specifically states that Plaintiff seeks "monetary relief of over $100,000 . . . ." Exhibit C, ¶ 1.

### III.    VENUE

10.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Dallas County, Texas, and the property that is the subject of the insurance claim is in Dallas County.

### IV.    PROCEDURAL REQUIREMENTS

11.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Index of Matters Being Filed |
| B. | Docket Sheet |
| C. | Plaintiff's Original Petition filed on August 31, 2017 |
| D. | Return of Service for Philadelphia Indemnity Insurance Company filed on September 18, 2017 |
| E. | Philadelphia Indemnity Insurance Company's Answer to Plaintiff's Original Petition filed on October 4, 2017 |

12.    This Notice of Removal is being filed within thirty (30) days of service of the Citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and PIIC with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

13. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 298th Judicial District Court of Dallas County, Texas promptly after filing of same.

16. Plaintiff has made a jury demand.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Philadelphia Indemnity Insurance Company respectfully requests that the above-captioned action now pending in the 298th Judicial District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Lisa M. Henderson*
LISA M. HENDERSON
State Bar No. 24025423
lisa.henderson@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
SEDGWICK LLP
2323 Ross Avenue, Suite 750
Dallas, Texas  75201
(469) 227-8200
(469) 227-8004 (Fax)

ATTORNEYS FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served on all counsel of record via ECF Notification on this 9th day of October, 2017.

*/s/ Lisa M. Henderson*
LISA M. HENDERSON